**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                           **Criminal Action No. 3:04-CR-42-1**
                                                 **(BAILEY)**

**EMILIO CHASE, a/k/a**
**DOMINIC MARIO CHASE**,

    Defendant.

**ORDER DENYING REDUCTION IN DEFENDANT'S**
**SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

Pending before this Court is defendant's *pro se* Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)(Doc. 74).

Pursuant to 18 U.S.C. § 3582(c), this Court may reduce the sentence of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).

18 U.S.C. § 3582(c)(2) provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the

1

applicable policy statements issued by the Sentencing Commission."

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. **United States v. Dunphy**, 551 F.3d 247 (4th Cir. 2009).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [750], and all other guideline decisions will remain unaffected." **United States v. Gilliam**, 513 F.Supp.2d 594, 597 (W.D. Va. 2007), citing U.S.S.G. § 1B1.10. See **Dillon v. United States**, 130 S.Ct. 2683 (2010).

The original sentencing judge found a base offense level of 28, plus two levels for obstruction and less two levels for acceptance of responsibility. However, the Court found the defendant to be a career offender. Under U.S.S.G. § 4B1.1, the guidelines provide for a base offense level of 32, which after the two level enhancement for obstruction and two level reduction for acceptance of responsibility, would result in a total offense level of 32. With a criminal history category of VI, the guidelines provided a sentencing range of 210-262. The Judge sentenced the defendant to a sentence of 210 months.

Under the 2010 crack guideline amendments, the base offense level for a career offender did not change. Accordingly, this Court will not reduce the defendant's sentence.

For the reasons stated above, defendant's *pro se* Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)(**Doc. 74**) is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the defendant.

**DATED:** May 20, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE